R. L. Brown Coal & Coke Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

R. L. Brown, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 12709, 16200. Promulgated December 7, 1928.

*B. I. Dahlberg, C. P. A.*, for the petitioners.
*O. L. Bennett, Esq., W. R. Lansford, Esq., B. M. Harwood, Esq.*, and *A. H. Murray, Esq.*, for the respondent.

610

613

**OPINION.**

SMITH: It is the contention of the R. L. Brown Coal & Coke Co., one of the petitioners herein, that it was not legally organized as a corporation in either 1920 or 1921, and, accordingly, that it was not liable to any income or profits tax for either of those years. The record discloses, however, that the company filed income and profits-tax returns for those years as a corporation. It operated a coal-mining business as a corporation during the period. Even if not legally organized to carry on business with the public under the laws of the State of Kentucky, as contended by petitioners, the record warrants the conclusion that it was an association and required to make returns as a corporation for the years in question.

In defense of the deficiency determined for the year 1920, the company claims that the Commissioner has erroneously included as taxable income employees' liability insurance in the amount of $357.99 and has disallowed a deduction from gross income of expenses amounting to $20,733.23. Since the company kept its books of account upon the cash receipts and disbursements basis and made its returns accordingly, it is not entitled to deduct from gross income an account payable of $357.99 for employees' liability insurance. Only payments actually made can be deducted from gross income in a return

on a cash receipts and disbursements basis. The company has offered no evidence in support of its contention that it is entitled to deduct $20,733.23 disallowed as a deduction by the respondent. In its petition the company segregates these expenditures as follows:

| | |
|---|---|
| Machinery | $4,085.73 |
| Motors | 5,594.00 |
| Mine cars | 7,963.62 |
| Steel rails | 3,089.88 |
| Total | 20,733.23 |

These appear to be capital expenditures and in the absence of evidence showing that they were ordinary and necessary expenses of operation, the disallowance of the deduction from gross income by the respondent is sustained. The company has offered no evidence that it is entitled to any greater amount for depletion and depreciation than the respondent has allowed in his audit of the return. The deficiency found by the respondent for 1920 is therefore sustained.

Section 212(d) of the Revenue Act of 1926 provides as follows:

Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price. In the case (1) of a casual sale or other casual disposition of personal property for a price exceeding $1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed one-fourth of the purchase price, the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this subdivision. As used in this subdivision the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made.

The sale price of the property in 1921 was $80,000. Of this amount $11,390 cash was received within the year of sale. The balance of the purchase price was represented by promissory notes of the vendee. Of this balance notes of a face value of $17,610 were secured by certain certificates of interest issued by the State Bank of Pineville. These notes, however, do not stand upon any different plane from the other notes of the vendee, which were secured only by the property sold. The contention of the petitioners that the sale was an installment sale is sustained. Tax liability should be determined accordingly, and since the property sold was the individual property of R. L. Brown and the consideration was made payable to him and received by him, the profit upon the sale should be taxed to him.

The respondent has determined that R. L. Brown, as an individual, received a liquidating dividend from R. L. Brown Coal &

Coke Co. in 1921 of $29,425.33. This is based in large part upon the proposition that the company received a profit of $28,486.75 upon the sale of capital assets to T. C. Hughes, Trustee, in that year. We have found, however, that any profit made upon this transaction is taxable to R. L. Brown as an individual and not to the company. The evidence indicates that R. L. Brown received no liquidating dividend from the corporation in 1921. The contention of the petitioners upon this point is sustained.

*Judgment will be entered under Rule 50.*